**J.I. CASE CREDIT CORPORATION,**
**Respondent,**

v.

**Virgil FOSTER, Defendant and Third**
**Party Plaintiff, Appellant,**

v.

**PASKVAN FARM, TRACTOR AND**
**CONSTRUCTION COMPANY, Third**
**Party Defendant, Respondent.**

**No. C9–85–2171.**

Court of Appeals of Minnesota.

April 15, 1986.

Jonathan R. Fay, David T. DeMars, De-Mars, Turman & Johnson, Ltd., Fargo, for J.I. Case Credit Corp.

Richard P. Pearson, Walker, for appellant.

John A. Masog, Thomason, Larson & Masog, Park Rapids, for Paskvan Farm, Tractor and Const. Co.

Considered and decided by RANDALL, P.J., and PARKER, and FOLEY, JJ., with oral argument waived.

## SUMMARY OPINION

FOLEY, Judge.

### FACTS

This case arises out of the sale of a Case tractor by third-party defendant Paskvan Tractor Co. to appellant Virgil Foster. Foster was to pay $5,200 down and the balance in four annual payments. Paskvan assigned the purchase contract to respondent J.I. Case Credit Corporation. There were mechanical difficulties with the tractor, and Foster made no payments beyond the initial downpayment. Case Credit repossessed the tractor and sold it for $12,000 to Paskvan following a private auction sale among 200 Case dealers.

Case Credit then sued Foster for a deficiency judgment. Foster counterclaimed against Case Credit for monetary damages and commenced a third-party action against the dealer, Paskvan. Summary judgment was granted to Case Credit in the amount of $16,595.75, including interest, and against Foster on his counterclaim.

In related matters, Paskvan's motion for summary judgment was denied. Foster's motion to add the tractor manufacturer, Case Credit, as a third-party defendant, and for leave to add a claim for revocation of acceptance, was granted. Foster appeals from the judgment in favor of Case Credit.

Foster counterclaimed against Case Credit and Paskvan for return of his downpayment, for $5,000 consequential damages (i.e., lost crops), and for punitive damages based on:

1. "Strict liability" for a defective product.

2. Breach of express and implied warranties.

3. Negligence in failure to inspect the tractor and warn regarding defects; and

4. Misrepresentation and "illegal and unconstitutional" acts during repossession.

The trial court attached a detailed memorandum to its order granting summary judgment in favor of Case Credit. The trial court ruled that Foster failed to sustain his burden of opposition to Case Credit's summary judgment motion and failed to state an independent claim upon which relief could be granted.

The purchase agreement signed by Foster plainly states:

Seller may assign this contract and in the event of such assignment, Purchaser shall perform all promises herein contained to such Assignee as the owner hereof. *After such assignment, Purchaser agrees such Assignee shall have all rights of Seller hereunder free of any defense or claim Purchaser may have against the Seller as defense, counterclaim, set-off, cross-complaint, or otherwise. Purchaser's remedy therefor being solely against Seller in a separate action and Purchaser hereunder hereby waives any such defense or claim against * * * such Assignee.* (Emphasis added.)

The trial court found that the assignment of the purchase agreement to Case Credit was valid, and that Foster had failed to raise any genuine issue of material fact relating to the validity of the assignment. The court found that Foster's waiver of defenses against assignee Case Credit was valid and enforceable because the assignment was taken for value, in good faith, and without notice of a claim or defense. *See* Minn.Stat. 336.9–206 (1984). The trial court also found that Case Credit's repossession and disposition of the tractor were legal and "commercially reasonable" in all respects.

Case Credit filed a memorandum and affidavits in support of its motion for summary judgment. Foster did not oppose these with his own affidavits or other competent evidence. "When a motion for summary judgment is made and supported as provided in Rule 56, an adverse party may not rest upon the mere averments or denials of his pleading but must present specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." Minn.R.Civ.P. 56.05.

## DECISION

 The function of a court reviewing a summary judgment award is to determine whether there are any genuine issues of material fact for trial and whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium,* 281 N.W.2d 328, 330 (Minn.1979). Based on the record provided to this court, we affirm the trial court's ruling that Foster failed to sustain his burden of opposition to Case Credit's summary judgment motion and failed to state an independent claim upon which relief could be granted. We also affirm the trial court's award of interest at the contract rate.

Affirmed.